UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| JAMES D. LUEDTKE, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:12-CV-44-KKC |
| ) | |
| v. ) | |
| ) | |
| DAVID BERKEBILE, WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

James D. Luedtke has filed a motion to reinstate Charles Samuels, the Director of the Bureau of Prisons, as a respondent [R. 4] and to waive payment of the $5 filing fee, [R. 5]. As the financial information Luedtke provided indicates that he lacks sufficient income to pay the $5 filing fee, the Court will grant his motion to waive the filing fee, but will deny his motion to reinstate Samuels. Luedtke incorrectly states that because David Berkebile is no longer the warden of USP-Big Sandy Samuels must be named, but Samuels is not the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").

Even if Berkebile is no longer the current warden of USP- Big Sandy, the Court must dismiss Luedtke's habeas petition for other reasons.[1] Luedtke alleges that USP-Big Sandy officials have (1) violated the Thirteenth Amendment of the United States Constitution by refusing to pay him the wages he has earned in his prison job as an orderly in Corridor Three; (2) failed to require all inmates

---

[1] The Court screens the habeas petition to determine if Luedtke is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a Section 2241 petition if it appears from its face that the petitioner is not entitled to relief. 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001).

to work; (3) racially discriminated against white inmates in favor of black inmates and "illegal aliens from Mexico," [R. 1, p. 3]; and (4) improperly placed him in "IFRP refusal"[2] status because he owes $12,302.00 in restitution. Luedtke alleges that the IFRP decision has adversely affected him, and he seeks injunctive relief to correct the allegedly wrongful conduct.

A federal prisoner may file a Section 2241 petition in the district where he is incarcerated if he is challenging the execution of his sentence, *i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). By claiming that USP-Big Sandy officials have denied him his earned prison wages, racially discriminated against him and other white inmates, and refused to require other inmates to work, Luedtke is not challenging the execution of his federal sentence. Instead, he is complaining about specific conditions of his confinement at USP-Big Sandy.

Luedtke can not challenge the conditions of his confinement by filing a petition seeking habeas relief under § 2241. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). He must assert those claims in a civil rights action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and pay the $350.00 filing fee. Prior to filing a *Bivens* action asserting any of the condition of confinement claims raised in this action, Luedtke must fully exhaust his condition of confinement claims by completing the BOP's three-step administrative remedy process, set forth in 28 C.F.R. §§ 542.10-19, as to each claim.

---

[2] Luedtke refers to the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. §§ 545.10-545.11.9. The IFRP is "a BOP work program which encourages federal inmates to meet their legitimate financial obligations." *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001).

2

Luedtke's claim that USP-Big Sandy officials have wrongfully removed him from IFRP participation status is also a challenge of a condition of his confinement, but this Court has entertained such claims in both 28 U.S.C. § 2241 habeas petitions and in *Bivens* civil rights proceedings. *See Burgin v. Cauley*, 2009 WL 971449 (E.D. Ky. 2009) (addressing IFRP claims in a Section 2241 petition); *Hiles v. Zuercher*, 2009 WL 499099 (E.D. Ky. 2009) (same); *Earle v. United States*, 2005 WL 2095691 (E.D. Ky. 2005) (addressing IFRP claims in a *Bivens* action). Even so, Luedtke can not pursue his IFRP claims in this proceeding because he has attached no documentation showing that he has administratively exhausted that claim through the BOP's three-step administrative remedy process.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the BOP's available administrative remedies before filing a petition seeking habeas corpus relief pursuant to § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006);  *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam).   In his petition, Luedtke broadly alleged that he complied with the entire administrative remedy process, but that "there was no response at any level."  [R. 1, p. 7]  It is unclear from Luedtke's statement whether he allegedly administratively exhausted all of the claims he asserted in his petition or whether he exhausted only his IFRP claims.  Contrary to Luedtke's statement, he attached no exhaustion documentation to his habeas petition.  Luedtke's allegation that the BOP ignored and failed to respond at all three levels is suspect, as it is highly unusual- and unlikely- for the BOP to ignore properly submitted administrative remedies at three different levels.

Luedtke may file another Section 2241 petition asserting his IFRP claim when he can demonstrate that he has fully and completely exhausted his administrative remedies on the issue, but this habeas petition will be denied and this proceeding will be dismissed without prejudice.

3

Accordingly, **IT IS ORDERED** that:

1. James D. Luedtke's motion to waive payment of the filing fee [R. 5] is **GRANTED** and he is permitted to proceed without payment of the $5.00 filing fee;

2. Luedtke's motion to reinstate Charles Samuels [R. 4] is **DENIED.**

3. Luedtke's 28 U.S.C. § 2241 petition for writ of habeas corpus [R. 2] is **DENIED**.

4. This proceeding is **DISMISSED**, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 1st day of June, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge